**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IVAN KRASNOPOLSKII,

Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center,

Respondent.

Case No.: 3:26-cv-03981-RBM-SBC

**ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 10]**

Pending before the Court is Petitioner Ivan Krasnopolskii's ("Petitioner") Second Amended Petition for Writ of Habeas Corpus ("Amended Petition"). (Doc. 9.)[1] For the reasons set forth below, the Amended Petition is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Petitioner, a citizen of Russia, entered the United States seeking refuge with his wife and children on or around January 7, 2022. (Doc. 10 at 5.) Petitioner and his family were

[1] A petitioner may amend his habeas petition once as a matter of course within 21 days after serving it. *See* Fed. R. Civ. P. 15(a)(1)(A); *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.").

admitted into the United States on parole. (*Id.*) On February 20, 2022, Petitioner was served with a Notice to Appear ("NTA") charging him as inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as a noncitizen "present without being admitted or paroled, or who arrived at any time or place other than designated, and § 212(a)(7)(A)(i)(I) as an immigrant not in possession of a valid entry document at the time of application for admission." (*Id.*)

On April 19, 2022, Petitioner "and his family left the United States and returned to Russia to take care" of his sick mother-in-law. (*Id.*) "In May 2023, after experiencing continued persecution in Russia for his political activism, [Petitioner] fled Russia for a second time." (*Id.*) On May 19, 2023, Petitioner "arrived at a port of entry and applied for admission into the United States for the second time." (*Id.*) Petitioner was subsequently issued a new NTA charging him as inadmissible under INA § 212(a)(7)(A)(i)(I). (*Id.*) The U.S. Department of Homeland Security ("DHS") filed an amendment to the newest NTA to "add or substitute factual allegations" on December 14, 2023. (*Id.*)

On March 31, 2025, an immigration judge ("IJ") denied Petitioner's application for asylum, ordered him removed, and granted him withholding of removal under the Convention Against Torture ("CAT"). (*Id.*) Petitioner filed a notice of appeal from the IJ's order to the Board of Immigration and Appeals ("BIA") shortly thereafter. (*Id.*)

On June 8, 2025, and while his appeal was pending, Petitioner left the United States and returned to Russia after learning his daughter was sick. (*Id.* at 5–6.) Petitioner claims that he again faced persecution from government officials in Russia "for his political stance regarding the toll tax to use public roadways" and was assaulted and tortured several times between June and November 2025. (*Id.* at 6.) After learning his daughter did not have cancer, Petitioner fled Russia for a third time in November 2025. (*Id.*)

On December 21, 2025, Petitioner applied for admission into the United States for a third time at the Otay Mesa, California Port of Entry. (*Id.*) Petitioner was detained and taken to the Otay Mesa Detention Center, where he has been continuously detained for over eight months. (*Id.*)

**B. Procedural Background**

On January 21, 2026, Petitioner, by and through counsel, filed his first Petition for Writ of Habeas Corpus. *Krasnopolskii v. Warden, Otay Mesa Det. Ctr.*, Case No. 3:26-cv-00383-RBM-SBC (S.D. Cal. Jan. 21, 2026), ECF No. 1 ("*Krasnopolskii I*"). This Court granted in part and denied in part the first petition. *See id.*, ECF No. 6. The Court found that his detention was still within the presumptively reasonably six-month detention period and that Petitioner "raise[d] no reason as to why his removal is not significantly likely in the foreseeable future." *Id.*, at 6. The Court further "acknowledge[d] that Petitioner's detention may at some point become unreasonably prolonged" and denied his due process claim without prejudice "to allow Petitioner to seek relief in the future, if necessary." *Id.*

Shortly thereafter, Petitioner, proceeding *pro se*, commenced a new action by filing a second Petition for Writ of Habeas Corpus. *Krasnopolskii v. Doe*, Case No. 3:26-cv-02201-RBM-SBC (S.D. Cal. Apr. 8, 2026), ECF No. 1. On April 24, 2026, the Court issued an Order requiring Petitioner to show cause why the second petition should not be dismissed as duplicative. *See id.*, ECF No. 6. After Petitioner filed a Response to the Court's Order (*see id.*, ECF No. 7), the Court dismissed the second petition as duplicative without prejudice. *See id.*, ECF No. 9.

Petitioner then commenced the instant action by filing a third Petition for Writ of Habeas Corpus claiming that his immigration detention for more than six months has become prolonged. (*See* Doc. 1 at 6–7.) The Court referred the third petition to Federal Defenders of San Diego, Inc. and, pursuant to the Court's CJA procedures, the Clerk of the Court provisionally appointed a CJA Panel attorney, Heather L. Beugen, as Petitioner's counsel. (*See* Doc. 5; Doc. 11.) Petitioner, by and through counsel, filed an amended petition on July 21, 2026. (Doc. 6.) On August 7, 2026, Petitioner withdrew the amended petition and filed the instant second Amended Petition. (Doc. 10.)[2]

---

[2] Respondents did not oppose Petitioner filing the second Amended Petition. (*See* Doc. 10 at 1 n.1; Doc. 12 at 1.)

Pursuant to this Court's Order, Respondents filed a Response to the Amended Petition on August 14, 2026. (Doc. 13.) Petitioner filed a Traverse on August 26, 2026 (Doc. 14), along with a Request to Excuse Counsel's Late Filing of the Traverse (Doc. 15).[3]

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims his immigration detention for over six months violates 8 U.S.C. § 1231(a)(6) and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 9 at 6–12.) Respondents argue that the Amended Petition fails to state a claim because Petitioner's appeal of the IJ's removal order remains pending and Petitioner is therefore not subject to a final order of removal. (Doc. 13 at 1–2.)

As the statutory provision governing Petitioner's detention determines what procedures Respondents must follow, the Court will address this issue first.

### A. Detention Authority

"Section 1226(a) . . . applies only while 'a decision on whether the [noncitizen] is to

---

[3] Petitioner's Request to Excuse Counsel's Late Filing is **GRANTED** (Doc. 15) and the Traverse is considered timely filed.

be removed from the United States' is 'pending'. . . ." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017) (quoting 8 U.S.C. § 1226(a)). "Once [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). This statute directs the Attorney General of the United States to effect the removal of a noncitizen from this country "within a period of 90 days," also known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). Section 1231 defines the "removal period" within which the government "shall detain [a noncitizen]" as a 90-day period beginning on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Noncitizens who are inadmissible "may be detained beyond the [90-day] removal period," but § 1231 does not mandate their detention. *Id.* § 1231(a)(6). Instead, the statute is limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689.

Here, an IJ ordered Petitioner removed and granted CAT protection on March 31, 2025. (Doc. 9 at 5.) Petitioner then filed a Notice of Appeal from the IJ's removal order with the BIA but left the United States before the BIA issued a ruling. (*Id.*) In *Krasnopolskii I*, Respondents argued that Petitioner's removal order was administratively final because his voluntary departure from the United States while his appeal was pending constitutes a withdrawal of his appeal. *See Krasnopolskii I*, Case No. 3:26-cv-383-RBM-SBC, (S.D. Cal. Mar. 24, 2026), ECF No. 4 at 3 & n.2. In denying Petitioner's due process

claim, this Court agreed with Respondents and concluded that Petitioner was subject to detention under 8 U.S.C. § 1231(a) because his removal order became administratively final on March 31, 2025. *See id.*, ECF No. 6 at 4–5 (citing *Aguilera-Ruiz v. Ashcroft*, 348 F.3d 835, 839 (9th Cir. 2003); 8 C.F.R. § 1003.4). While Respondents now make a contradicting argument that Petitioner's removal order is not final, Respondents advance no argument or evidence supporting such a reversal in their position or in the Court's prior determination. (*See* Doc. 13 at 2.) The Court therefore adopts its reasoning in *Krasnopolskii I* and applies it here. For those same reasons, Petitioner's detention is governed by § 1231(a)(6).

**B. *Zadvydas***

Petitioner contends that he has good reason to believe his removal is not significantly likely in the reasonably foreseeable future because: (1) Petitioner was granted CAT protection under the removal order that ICE seeks to enforce; (2) even if he could be legally removed to Russia, there has been no real progress to effectuate his removal; and (3) there has been no real progress to effectuate his removal to a third country. (Doc. 10 at 11–14.) Respondents do not address these arguments. (*See generally* Doc. 13.)

Section 1231(a) "authorizes further detention if the Government fails to remove the [noncitizen] during those 90 days." *Zadvydas*, 553 U.S. 682. The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Id.* at 701. After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Once this initial burden is met, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id.* If "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released. *Id.* at 699–700; *see* 28 U.S.C. § 1231(a)(3) ("If the [noncitizen] does not leave or is not removed within the [90-day] removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

In this case, Petitioner has been detained since his re-entry to the United States on December 21, 2025. (*See* Doc. 10 at 7.) Because Petitioner has now been in detention for over eight months, his detention is no longer presumptively reasonable.

Petitioner was also granted CAT protection (*see* Doc. 10 at 11–13), which "presents a legal impediment to his eventual removal because he may not be removed to" Russia—his country of birth—as long as the CAT protection remains in effect. *See Ndandu v. Noem*, 819 F. Supp. 3d 1155, 1160–61 (S.D. Cal. 2026) (finding a petitioner detained for less than six months sufficiently overcame presumption of reasonableness). Indeed, Petitioner states that in July 2026, ICE agents informed him "they were not going to be able to remove him because of his CAT status and because he has an appeal pending." (Doc. 10 at 13.)

Additionally, Petitioner does not appear to have citizenship or significant ties to any other country (*see* Doc. 10 at 7) and "no other country has been identified to which he might be removed." *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (finding a petitioner detained for less than six months established his removal was not significantly likely in the foreseeable future based on his grant of asylum and CAT protection). As Petitioner correctly notes, ICE has made "no progress . . . toward removing [him] to a third country, despite its active pursuit of accomplishing such objective since at least March 2026." (Doc. 10 at 12.) In fact, Respondents present no argument or evidence concerning Petitioner's removal. (*See generally* Doc. 13.) Petitioner has therefore demonstrated "good reason to believe" that his removal is not significantly likely "in the reasonably foreseeable future," which shifts the burden to Respondents to "respond with evidence sufficient to rebut [this] showing." *Zadvydas*, 533 U.S. at 701.

Respondents, however, advance no argument or provide any evidence that Petitioner's removal is likely to occur at all, much less in the reasonably foreseeable future. (*See* Doc. 13.) Because Petitioner has met his burden to show removal is not reasonably foreseeable, and Respondents failed to rebut this showing, Petitioner's continued detention is "unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700.

## IV. CONCLUSION

Based on the foregoing reasons, the Amended Petition (Doc. 10) is **GRANTED**. Accordingly, the Court further orders as follows:

1. Petitioner's Request to Excuse to Excuse Counsel's Late Filing (Doc. 15) is **GRANTED**.
2. The Government is **ORDERED** to immediately release the noncitizen from custody, subject to "appropriate conditions" of supervision to be determined by immigration authorities and in accordance with all applicable statutory and regulatory procedures.[4]

**IT IS SO ORDERED**.

DATE: September 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[4] *See Vlasov v. Bondi*, Case No.: 25-cv-1342-AJB-MSB, 2025 WL 2258582, at *3 (S.D. Cal. Aug. 7, 2025); *Daneshfar v. Facility Admin.*, CASE NO. 2:25-cv-01708-DGE-MLP, 2026 WL 71405, at *1 (W.D. Wash. Jan. 9, 2026).